## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.

CHRISTIAN KAHLER, PAUL KAHLER,
NATHANIEL KAHLER, JENIFFER KAHLER,
individually and as natural guardian of K.K. and
J.K., BRIGITTE BROWN, KEITH SPAIN JR.,
JACK STUDENT, NANCY WELLS-
GEORGIA, BARBARA STUDENT, LAUREL
WELLS-GEORGIA, RICHARD WELLS-
GEORGIA, JOSHUA BUFKIN, ANDREW
THOMPSON, DANIEL QUINTANA,
MICHELLE QUINTANA, individually and as
natural guardian of D.Q., KATHLEEN
THORSON, CHRISTEL CATHEY,
TERILYNNE DERSCHAN, DONALD
DERSCHAN, JR., ANNI GOLTER, ROBERT
GATES, BONNIE GATES, LUCILLE
TERRAZAS, DONATILLO TERRAZAS,
JASON STEVENS, CHRISTINA STEVENS,
individually and as natural guardian of C.S.,
SHARON DIX, ABIGAIL CROWDER,
CORBIN CROWDER, ANGELA CROWDER,
GREGORY CROWDER, LOU ANN APERTO,
LANWOOD APERTO, STEPHANIE
TAYLOR, MICHAEL TAYLOR, ANTHONY
CATHEY, individually and as natural guardian
of Z.C., ERICA CATHEY, CINDY CATHEY,
SAMUEL BARNETT, WALTER THOMAS,
CAROLYN CHAMBERS, individually and as
natural guardian of B.C. and G.C., RANDY
CHAMBERS, ANDREA BROWN,  individually
and as natural guardian of K.B., J.B., and A.B.,
VICTORIA HANSON, GREGORY HAMBY,
CHARLOTTE HAMBY, JAMES SNARE, SR.,
PATRICIA MARTINEZ, individually and as
natural guardian of I.M., VICTOR MARTINEZ,

1

MICHELLE GIBBONS, RICHARD
CHRISTIAN, GLORIA WILLIS, WALTER
WILLIS, JOHN QUINTAL, JAMES
ELLSWORTH, BARBARA ELLSWORTH,
AMANDA WARD, individually and as natural
guardian of D.W., CECILIA GALLEGOS,
VICKIE MAY-MONTOYA, BENJIMAN
MONTOYA, GINGER DAWN, HELEN
WILSON, DENNIS FROST, KYONG FROST,
RICHARD GILES, SHARON GILES,
MELODY SUSAN QUINN, TERESA
MANSON,  individually and as natural guardian
of B.M., RAE SPRATT, JESSIE SPRATT,
BARBARA HICKMAN, DANIELLE
HICKMAN, FRED SEARS, DEBI SEARS,
HEATHER SEARS,  individually and as natural
guardian of Z.H., G.S., S.B.1 and S.B.2,
MARGARET CLEMENTS ,  MARK
CLEMENTS, JOAN WARD, MARLENE
NICKS, SANDRA CROSS, PAUL CROSS,
JASON LAKE, JESSICA JONES, KRYSTAL
THEW, MARJORIE HAUGETO, SUSANNE
HAUGETO, VINCENT HAUGETO,
TORSTEN RAMIREZ, JOSE MANUEL
RODRIGUEZ, SANDRA RODRIGUEZ,
RONALD GINES, RUTH GINES, ELSA
WILSON, JOYCE HOLMES, FRED
DENNISON, NORA TALTY, MARY PETTIT,
CHRISTOPHER MARQUEZ, LOURDES
MARQUEZ, MELBA MASEL,  individually
and as natural guardian of J.L.,  MARIANNE
KASHINSKIE, TIM FRANKLAND, ANITA
ROLLINS, ELIZABETH FRAZIER,
BARBARA ROLLINS, DOROTHY ULRICH,
CINDY HAYDEN, MURIEL MOORE, MARK
CHESTER GAMES, GLORIA OLSEN,
DONALD WHITE, LYNDSAY WHITE,
BRENDA WARNER, CAROL JOHNS,
CAROLYN GROSSELL, BEVERLY ROUTT,
DEAN NEWTON, NAM NEWTON,
JOSEPHINE HARRIS, CHRISTOPHER
CAUDLE, SONJA CAUDLE, SHAWN

2

KOENIG, KENDAHL THOMAS, ALEAH
ELLIS, KAHILYA THOMAS, MAKYLA
ELLIS, LEONARD THOMAS, JR., SUSAN
BAST, JAMES SNIDER, SUSAN CAIN,
BERNARD DUHON, PATRICIA MULKIN,
ANACLETO IGNACIO, KEVIN AUSTIN,
KIMBERELY AUSTIN, individually and as
natural guardian of J.K., DOUGLAS WOLFF,
ALICIA WOLFF, DAVID SAMP, VERNA
BELL, JOHNNY SWEETEN, MARK
TRANCIK,  individually and as natural guardian
of M.C., MARY RIVERA, JOHN SLAGLE,
JILL SLAGLE, EDDIE MAY NEAL, VICTOR
MANUEL RIOS VELEZ, GLORIA ROBLES,
EDGAR ROBLES, individually and as natural
guardian of M.R. and N.R., DAVID
SANTIAGO, DANIEL TORRES, AUDRA
TORRES,  individually and as natural guardian
of I.T. and G.T., EDWARD JOHNSON,
individually and as natural guardian for H.H. and
C.H., LISA CARSON, PATRICIA ARANDA,
JULIAN ARANDA, THOMAS PRIGMORE,
BEVERLY PRIGMORE, TIFFANY
HUCKLES, ROBERT HUCKLES, JUSTIN
ALVEAR, SCHERRY PINION, JASON
PINION, KEELEY NELSON, KATHLEEN
NELSON, RILEY NELSON, TIMOTHY
NELSON, HELGA HOUTZ, FINNIES HOUTZ,
DAVE SCHLIT, LYNNETTE MURRAY,
individually and as natural guardian of S.A.,
NANCYSULLO, KRISTOPHER HILSABECK,
JOSHUA LONG, CHRISOPHER LONG,
CAROL LONG, AND DENISE JORDAN
*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;

3

NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC.,  individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, Christian Kahler, Paul Kahler, Nathaniel Kahler, Jeniffer Kahler, individually and as natural guardian of K.K. and J.K., Brigitte Brown, Keith Spain Jr., Jack Student, Nancy Wells-Georgia, Barbara Student, Laurel Wells-Georgia, Richard Wells-Georgia, Joshua Bufkin, Andrew Thompson, Daniel Quintana, Michelle Quintana, individually and as natural guardian of D.Q., Kathleen Thorson, Christel Cathey, TeriLynne Derschan, Donald Derschan, Jr., Anni Golter, Robert Gates, Bonnie Gates, Lucille Terrazas, Donatillo Terrazas, Jason Stevens, Christina Stevens, individually and as natural guardian of C.S., Sharon Dix, Abigail Crowder, Corbin Crowder, Angela Crowder, Gregory Crowder, Lou Ann Aperto, Lanwood Aperto, Stephanie Taylor, Michael Taylor, Anthony Cathey, individually and as natural guardian of Z.C., Erica Cathey, Cindy Cathey, Samuel Barnett, Walter Thomas, Carolyn Chambers, individually and as natural guardian of B.C. and G.C.,  Randy Chambers, Andrea Brown, individually and as natural guardian of K.B., J.B., and A.B., Victoria Hanson, Gregory Hamby, Charlotte Hamby, James Snare, Sr., Patricia Martinez, individually and as natural guardian of I.M., Victor Martinez, Michelle Gibbons, Richard Christian, Gloria Willis, Walter Willis, John Quintal, James Ellsworth, Barbara Ellsworth, Amanda Ward, individually and as natural guardian of D.W., Cecilia Gallegos,

4

Vickie May-Montoya, Benjiman Montoya, Ginger Dawn, Helen Wilson, Dennis Frost, Kyong Frost, Richard Giles, Sharon Giles, Melody Susan Quinn, Teresa Manson, individually and as natural guardian of B.M., Rae Spratt, Jessie Spratt, Barbara Hickman, Danielle Hickman, Fred Sears,Debi Sears, Heather Sears, individually and as natural guardian of Z.H., G.S., S.B.1 and S.B.2, Margaret Clements, Mark Clements, Joan Ward, Marlene Nicks, Sandra Cross, Paul Cross, Jason Lake, Jessica Jones, Krystal Thew, Marjorie Haugeto, Susanne Haugeto, Vincent Haugeto, Torsten Ramirez, Jose Manuel Rodriguez, Sandra Rodriguez, Ronald Gines, Ruth Gines, Elsa Wilson, Joyce Holmes, Fred Dennison, Nora Talty, Mary Pettit, Christopher Marquez, Lourdes Marquez, Melba Masel, individually and as natural guardian of J.L., Marianne Kashinskie, Tim Frankland, Anita Rollins, Elizabeth Frazier, Barbara Rollins, Dorothy Ulrich, Cindy Hayden, Muriel Moore, Mark Chester Games, Gloria Olsen, Donald White, Lyndsay White, Brenda Warner, Carol Johns, Carolyn Grossell, Beverly Routt, Dean Newton, Nam Newton, Josephine Harris, Christopher Caudle, Sonja Caudle, Shawn Koenig, Kendahl Thomas, Aleah Ellis, Kahilya Thomas, individually and as natural guardian Makyla Ellis, Leonard Thomas, Jr., Susan Bast, James Snider, Susan Cain, Bernard Duhon, Patricia Mulkin, Anacleto Ignacio, Kevin Austin, Kimberely Austin, , individually and as natural guardian of J.K, Douglas Wolff, Alicia Wolff, David Samp, Verna Bell, Johnny Sweeten, Mark Trancik, individually and as natural guardian of M.C., Mary Rivera, John Slagle, Jill Slagle, Eddie May Neal, Victor Manuel Rios Velez, Gloria Robles, Edgar Robles, Mindy Robles, Nina Robles, David Santiago, Daniel Torres, Audra Torres, individually and as natural guardian of I.T. and G.T., Edward Johnson, individually and as natural guardian for H.H. and C.H., Lisa Carson, Hayden Hudson, Patricia Aranda, Julian Aranda, Thomas Prigmore, Beverly Prigmore, Tiffany Huckles, Robert Huckles, Justin Alvear, Scherry Pinion, Jason Pinion, Keeley Nelson, Kathleen Nelson, Riley Nelson, Timothy Nelson, Helga Houtz, Finnies Houtz, Dave Schlit, Lynnette Murray, individually and as natural guardian of S.A., NancySullo, Kristopher Hilsabeck, Juanita Falucenteno, Joshua Long, Christopher Long, Carol Long, and Denise Jordan by and through their undersigned counsel, hereby file this Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD; NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; (collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of

Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## INTRODUCTION

1. This complaint is a related action to Bell, et al., v. The 3M Company, et al., 16-cv-2351-RBJ.

2. The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado.

3. The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

4. The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

5. Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

6. The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

7. The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

6

8.      The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

9.      The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

10.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

11.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

12.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

13.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

14.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

15.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water,

including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

16.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

17.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

18.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

19.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

20.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.
[2] *Id.*
[3] *Id.*

Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

21.    These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

22.    The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

23.    Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

24.    The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

25.    The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations

---

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

26.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

27.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

28.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

29.     The Plaintiffs in this complaint were all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado at the relevant times.

## Health Effects of PFOS and PFOA Exposure

30.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

10

31.    PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

32.    The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

33.    In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

34.    In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

35.    In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

36.    The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

11

37.    According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

38.    Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

39.    On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

40.    Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

41.    The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated puberty.   It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFF'S EXPOSURE AND DAMAGES

42.    Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

43. Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

44. Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury, property damage, and the diminution of property values due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

45. The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

46. Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

47. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

48. This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

49. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

50.    Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. See Johnson v. Rodrigues, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff.

## PARTIES

51.    Plaintiff Christian Kahler is a resident of Fountain, Colorado, who currently resides at 8104 Cedar Chase Drive, Fountain, Colorado, 80817. As a result of Christian Kahler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christian Kahler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

52.    Plaintiff Paul Kahler is a resident of Fountain, Colorado, who currently owns and resides at 8104 Cedar Chase Drive, Fountain, Colorado, 80817. As a result of Paul Kahler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Kahler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

53.    Plaintiff Nathaniel Kahler is a resident of Fountain, Colorado, who currently owns and resides at 8104 Cedar Chase Drive, Fountain, Colorado, 80817. As a result of Nathaniel Kahler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

Nathaniel Kahler has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

54.     Plaintiff Jeniffer Kahler, individually and as parent and natural guardian of K.K. and J.K., is a resident of Fountain, Colorado, who currently resides at 8104 Cedar Chase Drive, Fountain, Colorado, 80817. The minor children K.K. and J.K., are residents of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeniffer Kahler, K.K., and J.K have elevated levels of PFOA, PFOS, and/or PFCs in their blood and J.K. has been diagnosed with High Cholesterol. The Plaintiffs currently resides in or resided in El Paso County, Colorado.

55.     Plaintiff Brigitte Brown is a resident of Colorado Springs, Colorado, who currently owns and resides at 811 Foxwood Drive, Colorado Springs, Colorado 80911.  As a result of Brigitte Brown's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brigitte Brown has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

56.     Plaintiff Keith Spain Jr. is a resident of Colorado Springs, Colorado, who currently owns and resides at 709 S Sierra Madre, Colorado Springs, CO 80903. As a result of Keith Spain's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keith Spain has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

15

57.     Plaintiff Jack Student is a resident of Colorado Springs, Colorado, who currently owns and resides at 813 Cardinal Street Colorado Springs, Colorado, 80911.  As a result of Jack Student's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jack Student has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

58.     Plaintiff Nancy Wells-Georgia is resident of Colorado Springs, Colorado, who currently owns and resides at 813 Cardinal Street, Colorado Springs, Colorado, 80911.  As a result of Nancy Wells-Georgia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Wells-Georgia has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

59.     Plaintiff Barbara Student is a resident of Colorado Springs, Colorado, who currently resides at 813 Cardinal Street, Colorado Springs, Colorado, 80911.  As a result of Barbara Student's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Student has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Hypertension; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

60.     Plaintiff Laurel Wells-Georgia is a resident of Colorado Springs, Colorado, who currently resides at 813 Cardinal Street, Colorado Springs, Colorado, 80911.  As a result of Laurel Wells-Georgia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

16

supply, Laurel Wells-Georgia has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

61.    Plaintiff Richard Wells-Georgia is a resident of Colorado Springs, Colorado, who currently resides at 813 Cardinal Street, Colorado Springs, Colorado, 80911.  As a result of Richard Wells-Georgia's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Wells-Georgia has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

62.    Plaintiff Joshua Bufkin is a resident of Fountain, Colorado, who currently resides at 8145 Wagon Spoke Trail, Fountain, Colorado 80817. As a result of Joshua Bufkin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Bufkin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

63.    Plaintiff Andrew Thompson is a resident of Colorado Springs, Colorado, who currently owns and resides at 815 Eagle Bend Drive, Colorado Springs, Colorado, 80911.  As a result of Andrew Thompson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Thompson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

64.    Plaintiff Daniel Quintana is a resident of Colorado Springs, Colorado, who currently owns and resides at 815 Hubbell Drive, Colorado Springs, Colorado, 80911.  As a result

17

of Daniel Quintana's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Quintana has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

65.    Plaintiff Michelle Quintana, individually and as parent and natural guardian of D.Q., is a resident of Colorado Springs, Colorado, who currently owns and resides at 815 Hubbell Drive, Colorado Springs, Colorado, 80911.   The minor child D.Q. is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Quintana and D.Q. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

66.    Plaintiff Kathleen Thorson is a resident of Colorado Springs, Colorado, who currently owns and resides at 8155 Woody Creek Drive, Colorado Springs, Colorado, 80911.  As a result of Kathleen Thorson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Thorson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

67.    Plaintiff Christel Cathey is a resident of Colorado Springs, Colorado, who currently owns and resides at 8159 Sedgewick Drive, Colorado Springs, Colorado, 80925. As a result of Christel Cathey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christel Cathey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

68.     Plaintiff TeriLynne Derschan is a resident of Colorado Springs, Colorado, who currently resides at 8160 Piute Road, #214, Colorado Springs, Colorado 80926. As a result of TeriLynne Derschan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, TeriLynne Derschan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

69.     Plaintiff Donald Derschan, Jr. is a resident of Colorado Springs, Colorado, who currently owns and resides at 8160 Piute Road #214, Colorado Springs, Colorado, 80926. As a result of Donald Derschan, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Derschan, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

70.     Plaintiff Anni Golter is a Colorado Springs, Colorado, who currently owns and resides at 818 Cardinal Street, Colorado Springs, Colorado, 80911. As a result of Anni Golter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anni Golter has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

71.     Plaintiff Robert Gates is a resident of Fountain, Colorado, who currently owns and resides at 8190 Birdsall Road, Fountain, Colorado, 80817. As a result of Robert Gates's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Gates has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

72.    Plaintiff Bonnie Gates is a resident of Fountain, Colorado, who currently owns and resides at 8190 Birdsall Road, Fountain, Colorado 80817.  As a result of Bonnie Gates's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bonnie Gates has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

73.    Plaintiff Lucille Terrazas is a resident of Fountain, Colorado, who currently owns and resides at 822 Desert Circle, Fountain, Colorado 80817. As a result of Lucille Terrazas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lucille Terrazas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

74.    Plaintiff Donatillo Terrazas is a resident of Fountain, Colorado, who currently resides at 822 Desert Circle, Fountain, Colorado, 80817. As a result of Donatillo Terrazas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donatillo Terrazas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

75.    Plaintiff Jason Stevens is a resident of Colorado Springs, Colorado, who currently owns and resides at 8279 Silver Glen Drive, Fountain, Colorado, 80817. As a result of Jason Stevens's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Stevens has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

76.     Plaintiff Christina Stevens, individually and as parent and natural guardian of C.S., is a resident of Fountain, Colorado, who currently owns and resides at 8279 Silver Glen Drive, Fountain, Colorado, 80817. The minor child C.S. is a resident of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christina Stevens and C.S. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently resides in or resided in El Paso County, Colorado.

77.     Plaintiff Sharon Dix currently resides at 830 S. Clay Ave. Apt. A3, Liberal, Kansas. As a result of Sharon Dix's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Dix has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

78.     Plaintiff Abigail Crowder is a resident of Fountain, Colorado, who currently resides at 8318 Hurley Drive, Fountain, Colorado, 80817. As a result of Abigail Crowder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Abigail Crowder has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

79.     Plaintiff Corbin Crowder is a resident of Fountain, Colorado, who currently owns and resides at 8318 Hurley Drive, Fountain, Colorado, 80817. As a result of Corbin Crowder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Corbin Crowder has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

80.    Plaintiff Angela Crowder is a resident of Fountain, Colorado, who currently owns and resides at 8318 Hurley Drive, Fountain, Colorado, 80817. As a result of Angela Crowder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Crowder has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

81.    Plaintiff Gregory Crowder is a resident of Fountain, Colorado, who currently owns and resides at 8318 Hurley Drive, Fountain, Colorado, 80817. As a result of Gregory Crowder's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Crowder has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

82.    Plaintiff Lou Ann Aperto is a resident of Fountain, Colorado, who currently owns and resides at 8326 Silver Glen Drive, Fountain, Colorado, 80817. As a result of Lou Ann Aperto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lou Ann Aperto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

83.    Plaintiff Lanwood Aperto is a resident of Fountain, Colorado, who currently owns and resides at 8326 Silver Glen Drive, Fountain, Colorado, 80817. As a result of Lanwood Aperto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lanwood Aperto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

84.    Plaintiff Stephanie Taylor is a resident of Fountain, Colorado, who currently owns

22

and resides at 8355 Cedar Chase Drive, Fountain, Colorado, 80817. As a result of Stephanie Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephanie Taylor has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

85.    Plaintiff Michael Taylor is a resident of Fountain, Colorado, who currently owns and resides at 8355 Cedar Chase Drive, Fountain, Colorado, 80817. As a result of Michael Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Taylor has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

86.    Plaintiff Anthony Cathey, individually and as parent and natural guardian of Z.C., is a resident of Colorado Springs, Colorado, who currently owns and resides at 836 Foxwood Drive, Colorado Springs, Colorado, 80911. The minor child Z.C. is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anthony Cathey and Z.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Anthony Cathey has been diagnosed with High Cholesterol. The Plaintiffs currently resides in or resided in El Paso County, Colorado.

87.    Plaintiff Erica Cathey is a resident of Colorado Springs, Colorado, who currently resides at 836 Foxwood Drive, Colorado Springs, Colorado, 80911. As a result of Erica Cathey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erica Cathey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff

23

currently resides in or resided in El Paso County, Colorado.

88.     Plaintiff Cindy Cathey is a resident of Colorado Springs, Colorado, who currently resides at 836 Foxwood Drive, Colorado Springs, Colorado, 80911. As a result of Cindy Cathey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cindy Cathey has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

89.     Plaintiff Samuel Barnett is a resident of Colorado Springs, Colorado, who currently resides at 4050 Baytown Drive, Colorado Springs, Colorado, 80916. As a result of Samuel Barnett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Samuel Barnett has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

90.     Plaintiff Walter Thomas is a resident of Fountain, Colorado, who currently owns and resides at 947 Daffodil Street, Fountain, Colorado, 80817.  As a result of Walter Thomas's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Walter Thomas has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

91.     Plaintiff Carolyn Chambers, individually and as parent and natural guardian of B.C. and G.C., is a resident of Colorado Springs, Colorado, who currently owns and resides at 84 Byron Pl, Colorado Springs, Colorado, 80911. The minor children B.C. and G.C. are residents of Colorado Springs, CO. As a result of Carolyn Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn Chambers, B.C., and G.C. have elevated

levels of PFOA, PFOS, and/or PFCs in their blood and B.C. has been diagnosed with High Cholesterol; Pregnancy Problems and G.C. has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

92.    Plaintiff Randy Chambers is a resident of Colorado Springs, Colorado, who currently owns and resides at 84 Byron Place, Colorado Springs, Colorado, 80911. As a result of Randy Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randy Chambers has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

93.    Plaintiff Andrea Brown, individually and as parent and natural guardian of K.B., J.B., and A.B., is a resident of Colorado Springs, Colorado, who currently owns and resides at 84 Steven Drive, Colorado Springs, Colorado 80911.  The minors K.B., J.B., and A.B. are residents of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrea Brown, K.B., J.B., and A.B. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Andrea Brown has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

94.    Plaintiff Victoria Hanson is a resident of Colorado Springs, Colorado, who currently owns and resides at 84 Steven Drive, Colorado Springs, Colorado, 80911.  As a result of Victoria Hanson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victoria Hanson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and

has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

95.     Plaintiff Gregory Hamby is a resident of Colorado Springs, Colorado, who currently owns and resides at 8411 Sedgewick Drive, Colorado Springs, Colorado, 80925. As a result of Gregory Hamby's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gregory Hamby has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

96.     Plaintiff Charlotte Hamby is a resident of Colorado Springs, Colorado, who currently owns and resides at 8411 Sedgewick Drive, Colorado Springs, Colorado, 80925. As a result of Charlotte Hamby's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Charlotte Hamby has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

97.     Plaintiff James Snare, Sr. is a resident of Fountain, Colorado, who currently owns and resides at 8415 Furlong Circle, Colorado Springs, Colorado, 80917. As a result of James Snare, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Snare, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

98.     Plaintiff Patricia Martinez, individually and as parent and natural guardian of I.M., is a resident of Fountain, Colorado, who currently resides at 842 Daffodil Street, Colorado Springs, Colorado, 80917. The minor child I.M. is a resident of Fountain, Colorado. As a result of their

exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Martinez and I.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Patricia Martinez has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

99.    Plaintiff Victor Martinez is a resident of Fountain, Colorado, who currently owns and resides at 842 Daffodil Street, Fountain, Colorado, 80817. As a result of Victor Martinez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Victor Martinez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

100.    Plaintiff Michelle Gibbons is a resident of Colorado Springs, Colorado, who currently resides at 8447 Sedgewick Drive, Colorado Springs, Colorado, 80925. As a result of Michelle Gibbons's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Gibbons has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

101.    Plaintiff Richard Christian is a resident of Fountain, Colorado, who currently owns and resides at 8468 Dassel Drive, Fountain, Colorado, 80817. As a result of Richard Christian's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Christian has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

102.    Plaintiff Gloria Willis is a resident of Colorado Springs, Colorado, who currently resides at 8472 Lunden Place, Colorado Springs, Colorado 80925. As a result of Gloria Willis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Willis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

103.    Plaintiff Walter Willis is a resident of Colorado Springs, Colorado, who currently resides at 8472 Lunden Place, Colorado Springs, Colorado, 80925. As a result of Walter Willis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Walter Willis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

104.    Plaintiff John Quintal is a resident of Fountain, Colorado, who currently owns and resides at 8494 Appleton Trail, Fountain, Colorado, 80925. As a result of John Quintal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Quintal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

105.    Plaintiff James Ellsworth is a resident of Colorado Springs, Colorado, who currently owns and resides at 85 Leta Drive, Colorado Springs, Colorado 80911. As a result of James Ellsworth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Ellsworth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso

28

County, Colorado.

106.   Plaintiff Barbara Ellsworth is a resident of Colorado Springs, Colorado, who currently resides at 85 Leta Drive, Colorado Springs, Colorado, 80911. As a result of Barbara Ellsworth's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Ellsworth has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

107.   Plaintiff Amanda Ward, individually and as parent and natural guardian of D.W., is a resident of Colorado Springs, Colorado, who currently resides at 85 Leta Drive, Colorado Springs, Colorado, 80911. The minor child D.W. is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amanda Ward and D.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

108.   Plaintiff Cecilia Gallegos is a resident of Colorado Springs, Colorado, who currently owns and resides at 85 Susanne Circle, Colorado Springs, Colorado 80911. As a result of Cecilia Gallegos's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cecilia Gallegos has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

109.   Plaintiff Vickie May-Montoya is a resident of Fountain, Colorado who currently owns and resides at 8501 Meadowcrest Drive, Fountain, Colorado, 80817. As a result of Vickie May-Montoya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water

29

supply, Vickie May-Montoya has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

110.    Plaintiff Benjiman is a resident of Fountain, Colorado who currently owns and resides at 8501 Meadowcrest Drive, Fountain, Colorado, 80817. As a result of Benjiman Montoya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benjiman Montoya has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

111.    Plaintiff Ginger Dawn is a resident of Fountain, Colorado, who currently owns and resides at 858 Desert Circle, Fountain, Colorado, 80817.  As a result of Ginger Dawn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ginger Dawn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

112.    Plaintiff Helen Wilson is a resident of Colorado Springs, Colorado, who currently owns and resides at 858 Hubbell Drive, Colorado Springs, CO 80911. As a result of Helen Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Helen Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

113.    Plaintiff Dennis Frost is a resident of Colorado Springs, Colorado, who currently owns and resides at 859 Crandall Drive, Colorado Springs, Colorado, 80911. As a result of Dennis

Frost's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Frost has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

114.    Plaintiff Kyong Frost is a resident of Colorado Springs, Colorado, who currently owns and resides at 859 Crandall Drive, Colorado Springs, Colorado, 80911. As a result of Kyong Frost's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kyong Frost has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

115.    Plaintiff Richard Giles is a resident of Fountain, Colorado, who currently owns and resides at 866 Daffodil Street, Fountain, Colorado, 80817.  As a result of Richard Giles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Richard Giles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

116.    Plaintiff Sharon Giles is a resident of Fountain, Colorado, who currently owns and resides at 866 Daffodil Street, Fountain. Colorado, 80817. As a result of Sharon Giles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sharon Giles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

117.    Plaintiff Melody Susan Quinn at all relevant times hereto, was a citizen of the State

31

of Colorado. As a result of Melody Susan Quinn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melody Susan Quinn has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 8721 Carr Loop, Arvada, Colorado, 80005.

118.    Plaintiff Teresa Manson, individually and as parent and natural guardian of B.M., at all relevant times hereto, was a citizen of the State of Colorado residing at 8721 Langford Drive, Fountain, Colorado, 80817. The minor child B.M. is a resident of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Teresa Manson and B.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Teresa Manson has been diagnosed with Thyroid Abnormality. The Plaintiff and minor child B.M. currently reside at 644 Penshaw Bridge Avenue, Las Vegas, NV, 89178.

119.    Plaintiff Rae Spratt is a resident of Fountain, Colorado, who currently resides at 8721 Langford Drive, Fountain, Colorado, 80817.  As a result of Rae Spratt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rae Spratt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

120.    Plaintiff Jessie Spratt is a resident of Fountain, Colorado, who currently resides at 8721 Langford Drive, Fountain, Colorado, 80817. As a result of Jessie Spratt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessie Spratt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

121.    Plaintiff Barbara Hickman is a resident of Fountain, Colorado, who currently owns and resides at 875 Lords Hill Drive, Fountain. Colorado, 80817. As a result of Barbara Hickman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Hickman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

122.    Plaintiff Danielle Hickman is a resident of Fountain, Colorado, who currently resides at 875 Lords Hill Drive, Fountain, Colorado, 80817. As a result of Danielle Hickman's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Danielle Hickman has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

123.    Plaintiff Fred Sears is a resident of Colorado Springs, Colorado, who currently owns and resides at 88 Byron Place, Colorado Springs, Colorado, 80911. As a result of Fred Sears's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fred Sears has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

124.    Plaintiff Debi Sears is a resident of Colorado Springs, Colorado, who currently owns and resides at 88 Byron Place, Colorado Springs, Colorado, 80911. As a result of Debi Sears's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debi Sears has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

33

125.    Plaintiff Heather Sears, individually and as parent and natural guardian of Z.H., G.S., S.B.1 and S.B.2, is a resident of Colorado Springs, Colorado, who currently resides at 88 Byron Place, Colorado Springs, Colorado, 80911. The minor children Z.H., G.S., S.B.1 and S.B.2, are residents of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Heather Sears, Z.H., G.S., S.B.1 and S.B.2 has elevated levels of PFOA, PFOS, and/or PFCs in their blood and Z.H. has been diagnosed with High Cholesterol. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

126.    Plaintiff Margaret Clements, at all relevent times hereto, was a citizen of the State of Colorado residing at 885 Candlestar Loop North, Fountain, Colorado, 80817. As a result of Margaret Clements's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Clements has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems. The Plaintiff currently resides at 8830 Crescent Forest Blvd., New Port Richey, FL, 34654.

127.    Plaintiff Mark Clements at all relevant times hereto, was a citizen of the State of Colorado residing at 885 Candlestar Loop North Fountain, Colorado, 80817.  As a result of Mark Clements's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Clements has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides at 8830 Crescent Forest Blvd., New Port Richey, FL, 34654.

128.    Plaintiff Joan Ward is a resident of Fountain, Colorado, who currently resides at 8831 Avenida Hermosa View, Fountain, Colorado, 80817. As a result of Joan Ward's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joan Ward has elevated

34

levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

129.    Plaintiff Marlene Nicks is a resident of Fountain, Colorado, who currently owns and resides at 8850 Ermel Road, Fountain, Colorado, 80817. As a result of Marlene Nicks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marlene Nicks has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

130.    Plaintiff Sandra Cross is a resident of Fountain, Colorado, who currently resides at 8857 Chalali Mesa Court, Fountain. Colorado, 80817. As a result of Sandra Cross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Cross has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

131.    Plaintiff Paul Cross is a resident of Fountain, Colorado, who currently resides at 8857 Chalali Mesa Court, Fountain, Colorado, 80817.  As a result of Paul Cross's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Cross has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

132.    Plaintiff Jason Lake is a resident of Fountain, Colorado, who currently owns and resides at 8882 Chalali Mesa Court, Fountain, Colorado, 80817. As a result of Jason Lake's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Lake

has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

133.    Plaintiff Jessica Jones is a resident of Fountain, Colorado, who currently resides at 21362 Armadillo Heights, Fountain, Colorado, 80817. As a result of Jessica Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Jones has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

134.    Plaintiff Krystal Thew is a resident of Colorado, Springs, Colorado, who currently resides at 89 Everett Drive, Colorado Springs, Colorado, 80911. As a result of Krystal Thew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Krystal Thew has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

135.    Plaintiff Marjorie Haugeto is a resident of Colorado Springs, Colorado, who currently owns and resides at 89 McBurney Blvd, Colorado Springs, Colorado, 80911. As a result of Marjorie Haugeto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marjorie Haugeto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

136.    Plaintiff Susanne Haugeto is a resident of Colorado Springs, Colorado, who currently resides at 89 McBurney Blvd, Colorado Springs, Colorado, 80911. As a result of Susanne Haugeto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply,

36

Susanne Haugeto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

137.    Plaintiff Vincent Haugeto is a resident of Colorado Springs, Colorado, who currently owns and resides at 89 McBurney Blvd, Colorado Springs, Colorado, 80911. As a result of Vincent Haugeto's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vincent Haugeto has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

138.    Plaintiff Torsten Ramirez is a resident of Fountain, Colorado, who currently owns and resides at 894 Candlestar Loop North, Fountain, Colorado, 80817. As a result of Torsten Ramirez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Torsten Ramirez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

139.    Plaintiff Jose Manuel Rodriguez is a resident of Fountain, Colorado, who currently owns and resides at 898 Rancher Drive, Fountain, Colorado, 80817. As a result of Jose Manuel Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jose Manuel Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

140.    Plaintiff Sandra Rodriguez is a resident of Fountain, Colorado, who currently owns and resides at 898 Rancher Drive, Fountain, Colorado, 80817. As a result of Sandra Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandra Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

141.    Plaintiff Ronald Gines is a resident of Fountain, Colorado, who currently owns and resides at 898 Square Dance Lane, Fountain, Colorado, 80817. As a result of Ronald Gines's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronald Gines has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

142.    Plaintiff Ruth Gines is a resident of Fountain, Colorado, who currently resides at 898 Square Dance Lane, Fountain, Colorado, 80817. As a result of Ruth Gines's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ruth Gines has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

143.    Plaintiff Elsa Wilson is a resident of Fountain, Colorado, who currently owns and resides at 900 Candlestar Loop North, Fountain, Colorado, 80817. As a result of Elsa Wilson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elsa Wilson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

144.    Plaintiff Joyce Holmes is a resident of Colorado Springs, Colorado who currently owns and resides at 905 Dela Vista Court, Colorado Springs, CO80911. As a result of Joyce

Holmes's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joyce Holmes has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

145. Plaintiff Fred Dennison is a resident of Fountain, Colorado, who currently resides at 906 Grinde Drive, Apt 211, Fountain, Colorado, 80817. As a result of Fred Dennison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Fred Dennison has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

146. Plaintiff Nora Talty is a resident of Fountain, Colorado, who currently resides at 906 Grinde Drive, Fountain, Colorado, 80817. As a result of Nora Talty's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nora Talty has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

147. Plaintiff Mary Pettit is a resident of Fountain, Colorado, who currently resides at 906 Grinde Drive, Apt. 214, Fountain, Colorado, 80817. As a result of Mary Pettit's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Pettit has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

148. Plaintiff Christopher Marquez is a resident of Fountain, Colorado, who currently owns and resides at 9060 Bonnie Cap Lane, Fountain, Colorado, 80817 As a result of Christopher

Marquez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Marquez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

149.     Plaintiff Lourdes Marquez is a resident of Fountain, Colorado, who currently owns and resides at 9060 Bonnie Cap Lane, Fountain, Colorado, 80817.  As a result of Lourdes Marquez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lourdes Marquez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

150.     Plaintiff Melba Masel, individually and as parent and natural guardian of J.L., is a resident of Fountain, Colorado, who currently owns and resides at 9075 Bonnie Cap Ln., Fountain, Colorado, 80817.  The minor child L.J. is a resident of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Melba Masel and J.L. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

151.     Plaintiff Marianne Kashinskie is a resident of Fountain, Colorado, who currently owns and resides at 908 Candlestar Loop N., Fountain, Colorado, 80817.  As a result of Marianne Kashinskie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marianne Kashinskie has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

152.     Plaintiff Tim Frankland is a resident of Colorado Springs, Colorado, who currently

40

owns and resides at 908 Pond Side Drive, Colorado Springs, Colorado, 80911. As a result of Tim Frankland's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tim Frankland has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

153.    Plaintiff Anita Rollins is a resident of Fountain, Colorado, who currently resides at 909 Grind Drive Apt. B1, Fountain, Colorado, 80817. As a result of Anita Rollins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anita Rollins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

154.    Plaintiff Elizabeth Frazier is a resident of Fountain, Colorado, who currently resides at 909 Grinde Drive, Apt. D3, Fountain, Colorado, 80817. As a result of Elizabeth Frazier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Frazier has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

155.    Plaintiff Barbara Rollins is a resident of Colorado Springs, Colorado, who currently resides at 2209 Cortez Drive, Colorado Springs, Colorado, 80911. As a result of Barbara Rollins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Barbara Rollins has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County,

41

Colorado.

156.    Plaintiff Dorothy Ulrich is a resident of Fountain, Colorado, who currently resides at 909 Grinde Drive Apt. D, Fountain, Colorado, 80817. As a result of Dorothy Ulrich's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dorothy Ulrich has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

157.    Plaintiff Cindy Hayden is a resident of Fountain, Colorado, who currently resides at 909 Grinde Drive Apt. A1, Fountain, Colorado, 80817. As a result of Cindy Hayden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cindy Hayden has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Abnormality. The Plaintiff currently resides in or resided in El Paso County, Colorado.

158.    Plaintiff Muriel Moore is a resident of Fountain, Colorado, who currently resides at 909 Grinde Drive, Apt. C1, Fountain, Colorado, 80817. As a result of Muriel Moore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Muriel Moore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

159.    Plaintiff Mark Chester Games is a resident of Fountain, Colorado, who currently resides at 909 Grinde Drive, Apt. G1, Fountain, Colorado, 80817. As a result of Mark Chester Games's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Chester Games has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The

Plaintiff currently resides in or resided in El Paso County, Colorado.

160.    Plaintiff Gloria Olsen is a resident of Colorado Springs, Colorado, who currently owns and resides at 911 Delavista Court, Colorado Springs, Colorado, 80911. As a result of Gloria Olsen's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Olsen has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

161.    Plaintiff Donald White currently resides at 918 Rocky Mount Road, Apt. 808, Athens, TN 37303. As a result of Donald White's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald White has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

162.    Plaintiff Lyndsay White currently resides at 918 Rocky Mount Road, Apt. 808 Athens, TN 37303. As a result of Lyndsay White's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lyndsay White has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

163.    Plaintiff Brenda Warner is a resident of Fountain, Colorado, who currently owns and resides at 919 S. Candlestar Loop South, Fountain, Colorado, 80817. As a result of Brenda Warner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brenda Warner has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County,

43

Colorado.

164.    Plaintiff Carol Johns is a resident of Colorado Springs, Colorado, who currently owns and resides at 92 McBurney Blvd., Colorado Springs, Colorado, 80911 As a result of Carol Johns's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carol Johns has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

165.    Plaintiff Carolyn Grossell is a resident of Colorado Springs, Colorado, who currently owns and resides at 92 Sherri Drive, Colorado Springs, Colorado, 80911.  As a result of Carolyn Grossell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carolyn Grossell has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

166.    Plaintiff Beverly Routt is a resident of Widefield, Colorado, who currently owns and resides at 926 Cardinal Street, Widefield, Colorado 80911. As a result of Beverly Routt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beverly Routt has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

167.    Plaintiff Dean Newton is a resident of Colorado Springs, Colorado, who currently owns and resides at 9318 Berrey Lane, Colorado Springs, Colorado, 80925. As a result of Dean Newton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dean Newton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff

currently resides in or resided in El Paso County, Colorado.

168.    Plaintiff Nam Newton is a resident of Colorado Springs, Colorado, who currently owns and resides at 9318 Berrey Lane, Colorado Springs, Colorado, 80925. As a result of Nam Newton's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nam Newton has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

169.    Plaintiff Josephine Harris is a resident of Fountain, Colorado m who currently owns and resides at 934 Lake Avenue, Fountain, Colorado, 80817. As a result of Josephine Harris's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Josephine Harris has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

170.    Plaintiff Christopher Caudle is a resident of Fountain, Colorado, who currently owns and resides at 944 Desert Circle, Fountain, Colorado, 80817. As a result of Christopher Caudle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Caudle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

171.    Plaintiff Sonja Caudle is a resident of Fountain, Colorado, who currently owns and resides at 944 Desert Circle, Fountain, Colorado¸80817. As a result of Sonja Caudle's exposure to

elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sonja Caudle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

172.    Plaintiff Shawn Koenig is a resident of Fountain, Colorado, who currently owns and resides at 944 Desert Circle, Fountain, Colorado¸80817. As a result of Shawn Koenig's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shawn Koenig has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

173.    Plaintiff Kahilya Thomas, individually and as parent and natural guardian of K.T. and A.E., is a resident of Fountain, Colorado, who currently resides at 947 Daffodil Street, Fountain, Colorado, 80817. The minor children K.T. and A.E. are residents of Fountain, Colorado. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kahilya Thomas, K.T. and A.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

174.    Plaintiff Makyla Ellis is a resident of Fountain, Colorado, who currently owns and resides at 947 Daffodil Street, Fountain, Colorado, 80817. As a result of Makyla Ellis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Makyla Ellis has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

175.    Plaintiff Leonard Thomas, Jr. is a resident of Colorado Springs, Colorado, who currently owns and resides at 7015 Caballero Avenue, Colorado Springs, Colorado, 80911. As a

result of Leonard Thomas, Jr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leonard Thomas, Jr. has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

176.    Plaintiff Susan Bast is a resident of Fountain, Colorado, who currently owns and resides at 948 White Stone Way, Fountain, Colorado, 80817. As a result of Susan Bast's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Bast has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

177.    Plaintiff James Snider is a resident of Colorado Springs, Colorado, who currently owns and resides at 950 Withington Drive, Colorado Springs, Colorado 80911. As a result of James Snider's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Snider has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

178.    Plaintiff Susan Cain is a resident of Colorado Springs, Colorado, who currently owns and resides at 9570 Peaceful Valley Road, Colorado Springs, Colorado 80925. As a result of Susan Cain's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Susan Cain has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

179.    Plaintiff Bernard Duhon is a resident of Colorado Springs, Colorado, who currently

owns and resides at 9570 Peaceful Valley Road, Colorado Springs, Colorado, 80825. As a result of Bernard Duhon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Bernard Duhon has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

180.     Plaintiff Patricia Mulkin is a resident of Colorado Springs, Colorado, who currently owns and resides at 9577 Ghost Flower Lane, Colorado Springs, Colorado, 80925. As a result of Patricia Mulkin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Mulkin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Kidney Cancer; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

181.     Plaintiff Anacleto Ignacio is a resident of Colorado Springs, Colorado, who currently owns and resides at 960 Harbourne Street, Colorado Springs, Colorado, 80911. As a result of Anacleto Ignacio's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Anacleto Ignacio has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

182.     Plaintiff Kevin Austin is a resident of Fountain, Colorado, who currently resides at 960 Lords Hill Drive, Fountain, Colorado, 80817. As a result of Kevin Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Austin has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

48

183.    Plaintiff Kimberely Austin, individually and as parent and natural guardian of J.K., is a resident of Fountain, Colorado, who currently owns and resides at 960 Lords Hill Drive, Fountain, Colorado, 80817. The minor child J.K. is a resident of Fountain, CO. As a result of their Austin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberely Austin and J.K. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Testicular Cancer and J.K. has been diagnosed with Pregnancy Problems. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

184.    Plaintiff Douglas Wolff is a resident of Fountain Colorado, who currently owns and resides at 960 Ridgebury Place, Fountain, Colorado, 80817. As a result of Douglas Wolff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Douglas Wolff has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

185.    Plaintiff Alicia Wolff is a resident of Fountain, Colorado, who currently owns and resides at 960 Ridgebury Place, Fountain, Colorado, 80817. As a result of Alicia Wolff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alicia Wolff has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

186.    Plaintiff David Samp is a resident of Fountain, Colorado, who currently owns and resides at 9615 Bar B Road, Fountain, Colorado, 80817 As a result of David Samp's exposure to

49

elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Samp has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Testicular Cancer; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

187.    Plaintiff Johnny Sweeten is a resident of Fountain, Colorado, who currently resides at 965 Ancestra Street, Fountain, Colorado, 80817. As a result of Johnny Sweeten's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnny Sweeten has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

188.    Plaintiff Mark Trancik, individually and as parent and natural guardian of M.C., is a resident of Colorado Springs, CO, who currently resides at 965 Hubbell Drive, Colorado Springs, Colorado, 80911.  The minor child M.C. is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Trancik and M.C. has elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Mark Trancik has been diagnosed with Thyroid Problems; Ulcerative Colitis and M.C. and has been diagnosed with Testicular Cancer; Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

189.    Plaintiff Mary Rivera is a resident of Colorado Springs, Colorado, who currently resides at 965 Hubbell Drive, Colorado Springs, Colorado, 80911. As a result of Mary Rivera's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mary Rivera has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff

currently resides in or resided in El Paso County, Colorado.

190.    Plaintiff John Slagle is a resident of Colorado Springs, Colorado, who currently owns and resides at 9660 Peaceful Valley Road, Colorado Springs, Colorado, 80925. As a result of John Slagle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, John Slagle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

191.    Plaintiff Jill Slagle is a resident of Colorado Springs, Colorado, who currently owns and resides at 9660 Peaceful Valley Road, Colorado Springs, Colorado, 80925. As a result of Jill Slagle's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jill Slagle has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

192.    Plaintiff Eddie May Neal is a resident of Colorado Springs, Colorado, who currently owns and resides at 967 Pond Side Drive, Colorado Springs, Colorado, 80911. As a result of Eddie May Neal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Eddie May Neal has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

193.    Plaintiff Victor Manuel Rios Velez is a resident of Colorado Springs, Colorado, who currently owns and resides at 970 Crandell Drive, Colorado Springs, CO 80911. As a result of Victor Manuel Rios Velez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Victor Manuel Rios Velez has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

194.    Plaintiff Gloria Robles is a resident of Colorado Springs, Colorado, who currently owns and resides at 970 Wittington Drive, Colorado Springs, Colorado, 80911. As a result of Gloria Robles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Robles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

195.    Plaintiff Edgar Robles, individually and as parent and natural guardian of M.R. and N.R., is a resident of Colorado Springs, Colorado, who currently owns and resides at 970 Wittington Drive, Colorado Springs, Colorado, 80911. The minor children of M.R. and N.R., are residents of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edgar Robles, M.R., and N.R. has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

196.    Plaintiff David Santiago is a resident of Colorado Springs, Colorado, who currently owns and resides at 9707 Carnival Lane, Colorado Springs, Colorado, 80917. As a result of David Santiago's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Santiago has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

197.    Plaintiff Daniel Torres is a resident of Fountain, Colorado, who currently owns and resides at 9743 Carnival Lane, Fountain, Colorado, 80817. As a result of Daniel Torres's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Torres has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

198.    Plaintiff Audra Torres, individually and as parent and natural guardian of I.T. and G.T. is a resident of Fountain, Colorado, who currently owns and resides at 9743 Carnival Lane, Fountain, Colorado, 80817. The minor children I.T. and G.T are residents of Fountain, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Audra Torres, I.T. and G.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Hypertension. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

199.    Plaintiff Edward Johnson, individually and as parent and natural guardian of H.H. and C.H., is a resident of Fountain, Colorado, who currently resides at 9765 La Pintura Point, Fountain, Colorado, 80817. The minor children H.H. and C.H. are residents of Fountain, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Edward Johnson, H.H. and C.H., has elevated levels of PFOA, PFOS, and/or PFCs in their blood. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

200.    Plaintiff Lisa Carson is a resident of Fountain, Colorado, who currently resides at 9765 La Pintura Point, Fountain, Colorado, 80817. As a result of Lisa Carson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lisa Carson has

elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

201.    Plaintiff Patricia Aranda is a resident of Fountain, Colorado, who currently owns and resides at 9770 Rolling G Road, Fountain, Colorado, 80817. As a result of Patricia Aranda's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Aranda has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

202.    Plaintiff Julian Aranda is a resident of Fountain, Colorado, who currently owns and resides at 9770 Rolling G Road, Fountain, Colorado, 80817. As a result of Julian Aranda's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julian Aranda has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

203.    Plaintiff Thomas Prigmore is a resident of Fountain, Colorado, who currently owns and resides at 9780 Rolling G Road, Fountain, Colorado, 80817. As a result of Thomas Prigmore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Prigmore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Testicular Cancer. The Plaintiff currently resides in or resided in El Paso County, Colorado.

204.    Plaintiff Beverly Prigmore is a resident of Fountain, Colorado, who currently owns

54

and resides at 9780 Rolling G Road, Fountain, Colorado, 80817. As a result of Beverly Prigmore's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beverly Prigmore has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

205.    Plaintiff Tiffany Huckles is a resident of Fountain, Colorado, who currently owns and resides at 9850 Embankment Terrace, Fountain, Colorado, 80817. As a result of Tiffany Huckles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Huckles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

206.    Plaintiff Robert Huckles is a resident of Fountain, Colorado, who currently owns and resides at 9850 Embankment Terrace, Fountain, Colorado, 80817. As a result of Robert Huckles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Huckles has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

207.    Plaintiff Justin Alvear at all relevant times hereto, was a citizen of the State of Colorado residing at 509 Harvest Moon Road., Fountain, Colorado, 80817.As a result of Justin Alvear's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Alvear has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides 9911 Amanita

Avenue, Tujunga, CA, 91042.

208.    Plaintiff Scherry Pinion is a resident of Fountain, Colorado, who currently owns and resides at 993 Turf Trail Court, Fountain, Colorado, 80817.  As a result of Scherry Pinion's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Scherry Pinion has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

209.    Plaintiff Jason Pinion is a resident of Fountain, Colorado, who currently owns and resides at 993 Turf Trail Court, Fountain, Colorado, 80817.  As a result of Jason Pinion's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jason Pinion has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

210.    Plaintiff Keeley Nelson is a resident of Fountain, Colorado, who currently owns and resides at 995 Ancestra Drive, Fountain, Colorado, 80817. As a result of Keeley Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Keeley Nelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

211.    Plaintiff Kathleen Nelson is a resident of Fountain, Colorado, who currently owns and resides at 995 Ancestra Drive, Fountain, Colorado 80817. As a result of Kathleen Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kathleen Nelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

56

diagnosed with Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

212.    Plaintiff Riley Nelson is a resident of Fountain, Colorado, who currently owns and resides at 995 Ancestra Drive, Fountain, Colorado, 80817. As a result of Riley Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Riley Nelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

213.    Plaintiff Timothy Nelson is a resident of Fountain, Colorado, who currently owns and resides at 995 Ancestra Drive, Fountain, Colorado, 80817. As a result of Timothy Nelson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Nelson has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

214.    Plaintiff Helga Houtz is a resident of Colorado Springs, Colorado who currently owns and resides at 995 Crandall Drive, Colorado Springs, Colorado, 80911. As a result of Helga Houtz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Helga Houtz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

215.    Plaintiff Finnies Houtz is a resident of Colorado Springs, Colorado, who currently owns and resides at 995 Crandall Drive, Colorado Springs, Colorado, 80911. As a result of Finnies

Houtz's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Finnies Houtz has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

216.    Plaintiff Dave Schlit is a resident of Colorado Springs, Colorado, who currently owns and resides at 206 South Institute Street, Colorado Springs, CO 80903. As a result of Dave Schlit's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dave Schlit has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol. The Plaintiff currently resides in or resided in El Paso County, Colorado.

217.    Plaintiff Lynnette Murray, individually and as parent and natural guardian of S.A., is a resident of Colorado Springs, Colorado, who currently owns and resides at 4394 Gunbarrel Drive, Colorado Springs, Colorado, 80925. The minor child S.A. is a resident of Colorado Springs, CO. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lynnette Murray and S.A. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Lynnette Murray has been diagnosed with Thyroid Problems; Ulcerative Colitis. The Plaintiffs currently reside in or resided in El Paso County, Colorado.

218.    Plaintiff Nancy Sullo is a resident of Colorado Springs, Colorado who currently owns and resides at 675 Upton Drive, Colorado Springs, Colorado, 80911.  As a result of Nancy Sullo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nancy Sullo has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been

diagnosed with Thyroid Abnormality; Thyroid Problems; Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

219.    Plaintiff Kristopher Hilsabeck is a resident of Colorado Springs, Colorado, who currently owns and resides at 6640 Metropolitan Street, Colorado Springs, Colorado, 80911. As a result of Kristopher Hilsabeck's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristopher Hilsabeck has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood. The Plaintiff currently resides in or resided in El Paso County, Colorado.

220.    Plaintiff Joshua Long is a resident of Fountain, Colorado, who currently resides at 1372 Prado Drive, Fountain, Colorado, 80817. As a result of Joshua Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joshua Long has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

221.    Plaintiff Christopher Long is a resident of Fountain, Colorado, who currently resides at 1372 Prado Drive, Fountain, Colorado, 80817. PO Box 751. As a result of Christopher Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Long has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

222.    Plaintiff Carol Long is a resident of Fountain, Colorado, who currently resides at 1372 Prado Drive, Fountain, Colorado, 80817. As a result of Carol Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Carol Long has elevated levels

of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with Ulcerative Colitis. The Plaintiff currently resides in or resided in El Paso County, Colorado.

223.    Plaintiff Denise Jordan is a resident of Colorado Springs, Colorado, who currently owns and resides at 636 Montrail Drive, Colorado Springs, Colorado, 80911. As a result of Denise Jordan's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Denise Jordan has elevated levels of PFOA, PFOS, and/or PFCs in Plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems. The Plaintiff currently resides in or resided in El Paso County, Colorado.

## Defendants

224.    When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

225.    The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

226.    Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or

employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

227.    Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

228.    3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

229.    3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

230.    Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

231.    Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as "TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

232.    Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc.  Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

233.    Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is a North Carolina corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

234.    At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

235.    Defendant CHEMGUARD is a Wisconsin corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

236.    At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

237.    Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

238.    Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a North Carolina corporation having a principal place of

business at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

239.     KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

240.     KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Connecticut corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

241.     KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

242.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

243.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

244.    Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

245.    Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

246.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

247.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

248.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

249.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

250.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

251.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

252.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

253.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

254.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

255.    NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

256.    At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

**FACTUAL ALLEGATIONS AS TO ALL COUNTS**

65

257.     AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

258.     AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

259.     AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

260.     Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

261.     AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

262.     Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

263.     The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

264.     In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

265.     The USAF uses 3% AFFF for its installations.

266.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

267.    3M was the only company to manufacture PFOS-containing AFFF.

268.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

269.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

270.    In 1947, 3M began producing PFOA via ECF.

271.    In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

272.    Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

273.    The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

274.    PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

275.    By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

276.    As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

277.    Early studies showed that PFCs accumulated in the human body and were toxic.

278.    3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

279.    3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

280.    Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

281.    In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

282.    Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made

voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

283.    Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

284.    These injuries can arise months or years after exposure to PFOA.

285.    As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

286.    Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

### AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.

287.    Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

288.    Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

289.    At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

290.    The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

291.    For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

292.    Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

293.    AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

294.    At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

295.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

296.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its

constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

297.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

298.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

299.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

300.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

301.    At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

302.    Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF

contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

303.    The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

304.    PFOA and PFOS are present in all Defendants' AFFF products.

305.    Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

306.    Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

**MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY**

307.    Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

72

308.    Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

309.    Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

310.    The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

311.    The market for AFFF is ascertainable through standard discovery means.

312.    It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

313.    Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS, enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## **CONSPIRACY**

314.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

315.     Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

316.     Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

317.     Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

318.     Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

319.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

320.     Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

321.     Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health

74

effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

322.    Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

323.    Using their considerable resources to fight PFOA and PFOS regulation; and

324.    Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

325.    As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

326.    Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

327.    Created the need for testing and monitoring of Plaintiffs' health for known adverse health effects of PFOA and PFOS;

328.    Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

329.    Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

330.    Diminished, and will continue to diminish, the values of Plaintiffs' properties due to past, actual, impending, or threatened contamination.

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

331.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

332.    This cause of action is brought pursuant to Colorado law.

333.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

334.    Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

335.    Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

336.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

337.    Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

338.    Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

339.    Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

340.    Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

341.    Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

342.    Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

343.     The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

344.     As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

345.     Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

346.     Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

347.     Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

348.     As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

349.     Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

78

350. As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

351. Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

352. Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

353. Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

354. Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

355. Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

356. Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

357.    Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

358.    Plaintiffs have expended and/or will be required to expend significant financial resources to test and monitor for the presence of latent diseases for many years because of Defendants' conduct.

359.    Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

360.    Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

361.    Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the difference between the current value of their properties and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, including the need for medical monitoring as an element of damages, and actual, consequential, and nominal damages, flowing from the

negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: MEDICAL MONITORING

362.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

363.    This cause of action is brought pursuant to Colorado law.

364.    In Colorado, a claim for medical monitoring requires a Plaintiff to establish that: (1) Plaintiff has suffered a significant exposure to a hazardous substance through the tortious actions of defendant; (2) as a proximate result of this exposure, Plaintiff suffers from an increased risk of contracting a serious latent disease; (3) that increased risk makes periodic diagnostic medical examinations reasonably necessary; and (4) monitoring and testing procedures exist which make the early detection and treatment of the disease possible and beneficial.

365.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of Fountain, Security, and Widefield, due to these communities' proximity to PAFB.

366.    Defendants knew or should have known that exposing humans to PFC-contaminated water would be hazardous to human health and the environment.

367.    Years of consuming PFC-contaminated water has exposed the Plaintiffs to PFOA, PFOS, and potentially other toxic substances as a result of the use, storage, and discharge of AFFF at PAFB.

368.    As alleged in this Complaint, given the persistence and bioaccumulative nature of PFOA and PFOS, PFOA and PFOS exposure leads to the bioaccumulation of PFOA and PFOS in the blood of humans exposed to water contaminated with PFOA and PFOS.

369.    Plaintiffs have suffered an injury due to the bioaccumulation of these hazardous substances in their blood.

370.    Furthermore, individuals with elevated levels of PFOA and PFOS in their blood, such as the Plaintiffs, are at a seriously increased risk of contracting numerous medical conditions, including kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

371.    Medical tests currently exist that can determine the level of PFOA and PFOS in the blood of an individual who has consumed PFOA- and PFOS- contaminated water.

372.    Given that exposure to and bioaccumulation of elevated levels of PFOA and PFOS in an individual's blood significantly increases the risk of contracting a serious medical condition, periodic medical examinations are both reasonable and necessary to detect latent diseases.

373.    A thorough medical monitoring plan, following common and accepted medical practices, can and should be developed for Plaintiffs to assist in the early detection and beneficial treatment of the diseases that can develop as a result of exposure to and bioaccumulation of PFOA and PFOS.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

374.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

375.    This cause of action is brought pursuant to Colorado law.

376.    As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

377.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

378.    Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

379.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

380.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

381.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking

water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

382.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

383.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

384.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

385.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

386.    Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

387.    Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

388.    Defendants' failure to warn was the direct and proximate result of the contamination, leading to the diminution in the value and marketability of the properties of the Plaintiffs. Plaintiffs have suffered the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

389.    As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

390.    As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

391.    As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

392.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A FOURTH CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

393.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

394.    This cause of action is brought pursuant to Colorado law.

395.    By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

396.    Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

397.    The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

398.    Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

399.    These alternative designs and/or formulations were already available, practical, and technologically feasible.

400.    The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

401.    As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

402.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

403.    Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

404.    The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

405.    Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

406.    As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, the value and marketability of the Plaintiffs' property has been and will continue to be diminished. Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

407.    As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

408.    As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

409.    As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

410.    Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

411.    Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

412.    Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

413.    Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

414.    Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

415.    Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

416.    WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

417.    a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

418.    an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

419.    an order for an award of attorneys' fees and costs, as provided by law;

420.    an award of pre-judgment and post-judgment interest as provided by law; and

421.    an order for all such other relief the Court deems just and proper.

## JURY DEMAND

422.    Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 12, 2018                    Respectfully Submitted,

**MCDIVITT LAW FIRM**
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903
Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com

**NAPOLI SHKOLNIK, PLLC**

*/s/ Hunter J. Shkolnik*
Hunter Shkolnik
Paul J. Napoli
Louise Caro
Tate J. Kunkle

Patrick J. Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com